UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  No.: 18-cv-3144-JBM |
| | ) |
| DR. ANDREW LAMBERT, | ) |
| | ) |
| Defendant. | ) |

## MERIT REVIEW – SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files a second amended complaint alleging negligence, medical malpractice and Eighth Amendment deliberate indifference at the Prairie Health Center in Springfield, Illinois. At the time in question, Plaintiff was a prisoner confined at the Graham Correctional Center ("Graham") though he is not currently in custody. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## FACTS

Plaintiff's original and amended complaints were dismissed, in part, for his failure to plead that Defendant Lambert, an endovascular and peripheral vascular surgeon practicing at the

1

Prairie Health Center, was acting under color of law when he treated Plaintiff. The Court had rejected Plaintiff's assertion that Dr. Lambert was both a vascular surgeon at the Prairie Heart Center in Springfield, Illinois and an employee of Wexford Health Sources, Inc. As Defendant appeared to have been a physician in private practice, the Court found that Plaintiff had failed to plead that Defendant was a state actor during the times alleged. Plaintiff was advised that he must allege sufficient facts to permit the inference that Defendant Lambert had "accepted, voluntarily, the responsibility of acting for the state and assuming the state's responsibility for incarcerated persons." [ECF 22 p 3.] citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 827 (7th Cir. 2009).

Plaintiff has responded in this second amended complaint by alleging the contradictory claims that Dr. Lambert was both employed by the State of Illinois and by Wexford Health Sources, Inc. He claims in fact, without providing support, that Defendant Lambert was "a state official." These contradictory and unsupported allegations fail to correct the deficiencies identified in the two prior pleadings. Plaintiff fails to allege how Defendant Lambert could have been employed by both the State of Illinois and Wexford when he only saw Plaintiff off-site, at a private health facility. If the alleged infringement is not "fairly attributable to the State" there is no action under §1983. *Rendell–Baker v. Kohn,* 457 U.S. 830, 838 (1982). This requirement is an important statutory element because it sets the line of demarcation between those matters that are properly federal and those matters that must be left to the remedies of state tort law." *Rodriguez*, 577 F.3d at 822-23 (7th Cir. 2009). Plaintiff again fails to properly plead this claim and will be given one final opportunity to amend.

As concerns the state law negligence or malpractice claim, Plaintiff alleges that Defendant performed unsuccessful procedures on him on July 7, 2015, August 14, 2015, March

2

30, 2016 and May 19, 2016. While this might be enough to assert a medical negligence claim, Plaintiff has failed to comply with the statutory requirements for filing an Illinois medical negligence claim. *See Fleming v. Livingston Cty., Ill.*, No. 08-CV-1174, 2009 WL 596054, at *2 (C.D. Ill. Mar. 4, 2009) (state, not federal law, is applied to his medical negligence claim). Illinois law requires that a medical malpractice complaint contain an affidavit and written report, known as a "certificate of merit." 735 ILCS 5/2-622(a). Failure to file an affidavit and certificate of merit is cause for dismissal under 735 ILCS 5/2-619. *Chapman v. Chandra*, No. 06-0651, 2007 WL 1655799, at *2 (S.D. Ill. June 5, 2007). "The United States Court of Appeals for the Seventh Circuit has implicitly held that § 2-622 is a substantive law that should apply to medical malpractice claims brought in federal courts." *Id.* at *3.

As Plaintiff has not filed a certificate of merit with his complaint, he may not proceed on a medical negligence at this time. Plaintiff will be given 90 days, however, in which to file an affidavit and certificate of merit as well as an amended complaint if he wishes to pursue this claim. If he does not do so within that time, the medical negligence claim will not proceed.

Plaintiff also asserts a claim against Defendant Michele Stritel whom he identifies both as the Dialysis Manager at Prairie Heart Center and an employee of Chardonnay Dialysis of Danville, Illinois. Plaintiff's previous complaint against Ms. Stritel was dismissed as he had not asserted that there was a contractual relationship between Chardonnay Dialysis and IDOC, or any other mechanism by which Defendant Stritel could be said to have been acting under color of law. Though he given leave to replead this claim, Plaintiff still fails to identify any basis to support that Ms. Stritel's actions were fairly attributable to the state. He will be given a final opportunity in this regard.

It appears that Plaintiff asserts a state law medical malpractice claim against Defendant Stritel as well. As previously noted, however, he may not proceed on this claim without providing a Rule 622 affidavit and certificate of merit. Plaintiff will be given a further opportunity to amend.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's second amended complaint is DISMISSED. Plaintiff will be given a final opportunity, within 90 days, to file a third amended complaint. Plaintiff is placed on notice that, if he files a third amended complaint and does not comply with these instructions, his complaint will be dismissed for failure to state a claim. This is so, as courts are not required to allow a party to replead after "repeated failure to cure deficiencies by amendments previously allowed." *Stanard v Nygren,* 658 F.3d 792, 801 (7th Cir. 2011)(dismissing third amended complaint for plaintiff's failure "to follow basic instructions from the court."). If Plaintiff amends, the pleading is to be captioned "Third Amended Complaint" and is to include all viable claims. Failure to file a third amended complaint will result in dismissal of this case, without prejudice.

2. If Plaintiff intends to proceed on a state law medical malpractice claim, he must include this in his third amended complaint to be filed within 90 days, complying with 735 ILCS 5/2-622(a).

3. As Plaintiff is no longer in custody, he is to file an updated affidavit and IFP petition within 30 days, identifying his current sources of income.

10/17/2019
ENTERED

s/Joe Billy McDade
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE