# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN EVANS, | ) |
| | ) |
|          **Plaintiff,** | ) |
| v. | )    No.: 18-cv-3144-JBM |
| | ) |
| DR. ANDREW LAMBERT, | ) |
| | ) |
|          **Defendant.** | ) |

## MERIT REVIEW – THIRD AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, and no longer in custody, files a third amended complaint under 42 U.S.C. § 1983, for events arising while he was confined at Graham Correctional Center ("Graham"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the third amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In his initial complaint, Plaintiff alleged a deliberate indifference against vascular surgeon Dr. Andrew Lambert. Plaintiff did not, however, assert that Defendant Lambert, apparently a private physician, was acting under color of state law. The Court dismissed with leave to replead. Plaintiff filed an amended complaint in which he alleged misconduct by Defendant Lambert and others which occurred on July 7, 2015, August 14, 2015, March 30,

2016 and May 19, 2016.  The Court noted that these allegations were likely outside the applicable statute of limitations as Plaintiff did not file his complaint until June 15, 2018.[1]  Plaintiff was informed, however, that if he had been actively pursuing his administrative remedies during this period, the statute of limitations would be tolled.  *Johnson v. Rivera,* 272 F.3d 519, 521-22 (7th Cir. 2001).  Plaintiff was told that if he filed an amended complaint, he was to "identify any grievances he filed, revealing when those grievances were fully decided and exhausted."  Plaintiff filed subsequent amendments but did not provide the requested documentation.

In his amended and second amended complaints, Plaintiff was perceived as pleading a state law claim of medical malpractice.  He was advised that if he wished to proceed in such an action, he was required to file a "certificate of merit" authored by a physician, attesting that there was a "reasonable and meritorious cause for the filing."  735 ILCS 5/2-622(a).  Plaintiff was given 90 days in which to file the certificate of merit.  However, shortly after this order was issued the Seventh Circuit Appellate Court decided *Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019).  There, it found, "we now conclude that a complaint in federal court cannot properly be dismissed because it lacks an affidavit and report under § 5/2-622."  The Seventh Circuit found that a litigant should have extra opportunity to obtain a certificate of merit and, if he failed to do so, the complaint should be dismissed at summary judgment, applying federal, rather than state procedural rules.  *Id*. at 351-52.

Plaintiff now files his third amended complaint asserting only one claim, a state law medical malpractice claim against Defendant Lambert.  As noted, Plaintiff's prior federal claims had been dismissed and Plaintiff does not reassert them here.  As a result, Plaintiff's medical

---

[1] Section § 1983 actions are governed by the personal injury statute of limitations in the state where the alleged injury occurred. *Wallace v. Kato*, 549 U.S. 384, 387 (2007).

malpractice claim can only proceed if the District Court agrees to assert its supplemental jurisdiction. "[G]enerally, district courts should dismiss, without prejudice, supplemental state law claims once all of the federal claims have been dismissed". *Willis v. Talbot*, No. 13-2193, 2013 WL 6677332, at *5 (C.D. Ill. Dec. 18, 2013) citing *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999). *See also,* 28 U.S.C. § 1367(c) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim ... if ... (3) the district court has dismissed all claims over which it has original jurisdiction ....").

There is a recognized exception, however, in cases where ''the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court…" *Wynn v. Bd. of Educ. of Sch. Dist. No. 159*, 815 F. Supp. 2d 1007, 1017–18 (N.D. Ill. 2011). In this case, however, it appears that the statute of limitations had run prior to Plaintiff filing his complaint in federal court. Plaintiff was put on notice of the statute of limitations impediment and instructed to provide grievance information with his amended complaint. As Plaintiff failed to do so, it appears that the statute of limitations had run prior to the District Court's review of the initial complaint. As result, Plaintiff's claims do not come under an exception to the general rule that federal courts are to relinquish supplemental jurisdiction over state law claims after dismissing the federal claims.

**IT IS THEREFORE ORDERED:**

1. The Court, pursuant to 28 U.S.C. § 1367(c), declines to assert supplemental jurisdiction over Plaintiff's state law medical malpractice claim. Plaintiff's third amended complaint is DISMISSED.

2. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

      3.      Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.

      4.      If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee regardless of the outcome of the appeal.

ENTERED:    4/24/2020

                                                                 s/Joe Billy McDade
                                                              JOE BILLY McDADE
                                                             UNITED STATES DISTRICT JUDGE